UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BU8 SDN. BHD., | No. C-14-4503-EMC |
| Petitioner, | |
| v. | **ORDER (1) DENYING RESPONDENT'S MOTION TO AMEND OR CORRECT THIS COURT'S FINAL JUDGMENT AND (2) DENYING PETITIONER'S ATTORNEYS' FEES** |
| CREAGRI, INC., | |
| Respondent. | |
| _____/ | **(Docket Nos. 44-45)** |

On March 6, 2015, this Court issued an Order granting Petitioner BU8's petition to confirm a foreign arbitration award and its motion to dismiss various counterclaims filed by Respondent CreAgri, Inc.[1] *See BU8 Sdn. Bhd. v. CreAgri, Inc.*, No. C14-4503-EMC, 2015 WL 1010090 (N.D. Cal. Mar. 6, 2015). With respect to CreAgri's counterclaims, the Court found that the relevant contract between the parties required that all of CreAgri's counterclaims be submitted to arbitration in Singapore in the first instance, and further held that a number of these counterclaims had, in fact, already been arbitrated. *See id.* at *1 ("CreAgri was obligated to arbitrate [its] counterclaims, and may not maintain them in this forum."); *id.* at *9 (finding that a number of CreAgri's proposed counterclaims were previously resolved in arbitration). The Court therefore dismissed CreAgri's counterclaims with prejudice. *Id.* at *10. The Court entered final judgment the same day, and ordered this case closed. Docket No. 40.

---

[1] The Court also denied BU8's motion for an award of attorneys' fees.

1    On April 3, 2015, CreAgri filed the instant motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(a).[2] Docket No. 44. Federal Rule of Civil Procedure 59(e) provides that a party may file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed R. Civ. P. 59(e). Such a motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citations omitted) (emphasis omitted).

According to CreAgri, the Court committed a "clear error of law" where it failed to compel the dismissed counterclaims to arbitration, despite the fact that neither BU8 nor CreAgri ever sought to compel arbitration of these claims in this action.[3] *Id.* at 4. Until CreAgri filed its pending motion, CreAgri had taken the position that its counterclaims should be litigated in this forum, and further argued that a number of its counterclaims were not arbitrable. *See* Docket No. 26 at 8 (arguing that certain counterclaims were "neither submitted for arbitration nor determined by the Tribunal, *nor would they be arbitrable in any event*") (emphasis added). And rather than file a motion to compel CreAgri's claims to arbitration, BU8 legitimately chose to seek outright dismissal of these claims. CreAgri has cited no case that stands for the proposition that a Court commits a "clear error of law" where it fails to order relief that neither litigant sought in the underlying action. Unsurprisingly, the Court has turned up no such case in its own research. Because this Court did not commit an error of law – let alone one that is clear – by refusing to compel arbitration of CreAgri's counterclaims, CreAgri's Rule 59(e) motion to alter or amend the judgment is **DENIED**.[4]

---

[2] CreAgri also invokes Federal Rule of Civil Procedure 52(b) in support of its motion, but that rule does not apply here. *See* Fed. R. Civ. P. 52(a)(3).

[3] CreAgri also contends that failing to compel arbitration of its counterclaims against BU8 will result in manifest injustice. The Court disagrees.

[4] CreAgri does not argue that either of Rule 59(e)'s other criteria for altering or amending a judgment are met (*i.e.*, CreAgri does not argue that there is newly discovered evidence or an intervening change in controlling law that would warrant amendment or alteration of this Court's judgment).

CreAgri alternatively argues that the Court should amend the judgment and refer its counterclaims to arbitration pursuant to Federal Rule of Civil Procedure 60(a), which permits the court to "correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). According to CreAgri, there can be "no doubt that the Court intended that the parties submit the Counterclaims to arbitration in Singapore pursuant to the terms of the JVA Agreement." Docket No. 44 at 7. CreAgri is mistaken. As this Court made clear in its order, CreAgri's counterclaims cannot be maintained in this forum because CreAgri contractually agreed to arbitrate these claims in Singapore. *See BU8 Sdn. Bhd.*, 2015 WL 1010090, at *9-10. But that holding is not a determination that such an arbitration *must* take place; nor has there been a determination that this Court should use its powers to *compel* such an arbitration to take place. That is not to say, however, that the Court's dismissal of CreAgri's counterclaims is intended in any way to prevent CreAgri from attempting to initiate or, if necessary, compel an arbitration with BU8 in the appropriate forum. The Court's holding simply indicates that *if* CreAgri wishes to pursue its counterclaims, it must do so in arbitration pursuant to the terms of the contract. The Court did not commit any clerical error in either its order or its judgment, and so correction under Rule 60(a) is not warranted.

In its opposition to CreAgri's motion, BU8 requests that the Court award it the amount of attorneys' fees and costs it reasonably incurred in opposing this motion. *See* Docket No. 45 at 10. The Court **DENIES** BU8's request. As the Court noted in its previous order denying BU8's request for attorneys' fees incurred in connection with its petition to confirm the abritration award, this Court has "the inherent authority to award attorneys' fees in an action brought under the Convention 'when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons.'" *BU8 Sdn. Bhd.*, 2015 WL 1010090, at *10 (quoting *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1104 (9th Cir. 2011)).

///
///
///
///

3

While the Court concludes, once again, that CreAgri's position is without merit, the Court does not find that the arguments raised were frivolous or otherwise interposed in bad faith.

This order disposes of Docket Nos. 44 and 45.

IT IS SO ORDERED.

Dated: May 13, 2015

_____
EDWARD M. CHEN
United States District Judge